FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 21 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

MERQUI MAÑON SOSA,

                            Plaintiff,

        -against-

CHASE MANHATTAN BANK, MERRILL
RUBIN, KEVIN DELOATCH, and DEBBIE ANN
MORLEY,

                            Defendants.

-------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

08-CV-3164 (ENV) (LB)

**VITALIANO, D.J.**

      Pro se plaintiff Merqui Mañon Sosa brought this action against defendants, Chase

Manhattan Bank, Merrill N. Rubin, Kevin Deloatch, and Debbie Ann Morley.  Defendants

moved to dismiss, plaintiff opposed, and the Court dismissed plaintiff's claims with prejudice in

a Memorandum and Order dated August 5, 2011.  Judgment dismissing the action was entered

on August 12, 2011.

      Over two months later, on October 26, 2011, plaintiff filed papers entitled "Notice of

Motion to Change the Plaintiff Address" in which he (1) noted his address had changed and

(2) requested additional time "to reply to the Court's decision" because he did not receive the

Memorandum and Order dismissing his claims.[1]  The Court construes plaintiff's request as a

motion to extend the time, or to set a briefing schedule, for the filing of a motion for

---

[1] The Memorandum and Order and the related Judgment were mailed to plaintiff on or about
August 12, 2011 at the address the Court then had on record for plaintiff.  Plaintiff did not
receive the mail because he failed to inform the Court of his address change despite his
obligation to do so.  See e.g., Aponte v. Atlantic Exp. Transp., No. 07-CV-5325 (CBA)(LB),
2008 WL 2388256 (CBA) (LB) (E.D.N.Y. June 11, 2008) (explaining a pro se plaintiff's duty to
keep the court informed of his current address).



reconsideration under either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP").

A Rule 59 motion must be filed within 28 days of an order's entry. FRCP 59. A Rule 60(b) motion must be filed within a reasonable time period, which in some cases, cannot exceed one year. FRCP 60(c). A district court "must not extend the time to act under" these rules. FRCP 6(b)(2); see also Burden v. Suthers, 303 F.App'x. 612, 613 (10th Cir. 2008) ("courts have no discretion to grant such extensions"); accord Phillips v. Corbin, 132 F.3d 867, 868 (2d Cir. 1998). The time to file a Rule 59 motion has passed. Thus, to the extent plaintiff is requesting permission to file a motion under Rule 59, such relief is denied. The time to file a Rule 60(b) motion, however, has not yet necessarily passed. Accordingly, to the extent plaintiff has grounds to do so, he shall file a Rule 60(b) motion on or before March 5, 2012 that (1) explains why the motion is timely and (2) seeks reconsideration of the Memorandum and Order and Judgment issued on August 12, 2011.

SO ORDERED.

Dated: Brooklyn, New York
February, 16 2012

ERIC N. VITALIANO
United States District Judge