FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MERQUI MAÑON SOSA,

                     Plaintiff,

-against-

CHASE MANHATTAN BANK, MERRILL
RUBIN, KEVIN DELOATCH, and DEBBIE ANN
MORLEY,

                     Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV-3164 (ENV) (LB)

**VITALIANO, D.J.**

Pro se plaintiff Merqui Mañon Sosa brought this action against defendants, Chase Manhattan Bank, Merrill N. Rubin, Kevin Deloatch, and Debbie Ann Morley. Defendants moved to dismiss, plaintiff opposed, and the Court dismissed plaintiff's claims with prejudice in a Memorandum and Order dated August 5, 2011. Judgment dismissing the action was entered on August 12, 2011. On or about that same day, the Memorandum and Order and Judgment were mailed to Sosa at the address he had provided to the Court. But, the Judgment was returned as undeliverable on August 23, 2011, (Dkt. No. 62.), because plaintiff failed to inform the Court that his address had changed despite his obligation to do so. See e.g., Aponte v. Atlantic Exp. Transp., No. 07-CV-5325 (CBA)(LB), 2008 WL 2388256 (CBA) (LB) (E.D.N.Y. June 11, 2008) (explaining a pro se plaintiff's duty to keep the court informed of his current address).

Over two months later, on October 26, 2011, plaintiff filed papers entitled "Notice of Motion to Change the Plaintiff Address" in which he (1) noted his address had changed and (2) requested additional time "to reply to the Court's decision" because he did not receive "the notice of dismissal of the pending case." On October 28, 2011, the Clerk's office mailed plaintiff

1

the Memorandum and Order and the related Judgment for a second time. Further, the Court recently construed the letter of October 26, 2011 as a motion to extend the time, or to set a briefing schedule, for the filing of a motion for reconsideration under either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") and then ruled on those requests. (Dkt. No. 66.)

On November 25, 2011, Sosa filed a Notice of Appeal. Of course, the appeal notice was not timely because it was filed more than 30 days from the entry of the judgment on August 12, 2011. See Federal Rules of Appellate Procedure ("FRAP") 4(a)(1)(A). The Notice of Appeal stated, inter alia, "the reason that answering of my appeal is on this date is because of the time that I was received notice of the case dismissal. I was in Arizona Coaching ...." Because of that excuse, the Court construes the Notice of Appeal as including (1) a motion for an extension of time to file a notice of appeal under FRAP 4(a)(5); and (2) a motion to reopen the time to file an appeal under FRAP 4(a)(6).[1]

A motion under FRAP 4(a)(5) must be made no later than 30 days after the 30 days to file a notice of appeal has expired. FRAP 4(a)(5)(A)(i). Critically, a "district court lacks jurisdiction under Rule 4(a)(5) to grant a motion that is filed beyond the 30-day extension period." Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994) (citing Melton v. Frank, 891 F.2d 1054, 1056 (2d Cir. 1989)). Consequently, plaintiff's motion under FRAP 4(a)(5) must be, and is, denied because plaintiff filed his motion after the 30 day extension period (i.e., more than 60 days from August 12, 2011).

FRAP 4(a)(5), however, is not the only potential avenue of relief available to a party who has failed to file a notice of appeal within 30 days from entry of judgment. Under FRAP 4(a)(6), a

---

[1] The Court does not so construe the October 26, 2011 letter, which said nothing about an appeal and instead specifically asked for an opportunity to "reply" to the district court. The plain intendment of the request was to seek the district court's reconsideration. So, solicitude obligated the Court only to consider plaintiff's strongest reconsideration arguments.

2

district court may "reopen the time to file a notice of appeal for a period of 14 days if: (1) the moving party was entitled to a notice of the judgment under Fed.R.Civ.P. 77(d), but did not receive notice within 21 days after judgment was entered; (2) the motion is filed within 180 days after entry of judgment or within 14 days after the moving party receives notice, whichever is earlier; and (3) no party would be prejudiced." Millhouse v. New York State Dept. of Correctional Services, 439 Fed. App'x 41, 42 (2d Cir. 2011). Assuming *arguendo* that the original (August 12, 2011) mailing of the Judgment did not trigger receipt of notice under FRAP 4(a)(6), plaintiff received such notice as a result of the Clerk's mailing on October 28, 2011, which plaintiff has acknowledged he received. Counting 14 days from October 28, 2011 and then giving plaintiff three additional days because the notice was served by mail, any motion under FRAP 4(a)(6) was due by November 14, 2011. See FRAP 26(c); Trento v. Dennison, No. 05 Civ. 5496, 2008 WL 400921, *3 (S.D.N.Y. Feb. 14, 2008). But, plaintiff's motion was not filed until November 25, 2011. The motion thus fails the second prong of Rule 4(a)(6) and is denied. See Bouchard v. New York Archdiocese, No. 10-3107-cv, 2012 WL 255033, at *1 (2d Cir. Jan. 20, 2012) ("the timing requirements under Rule 4 are 'mandatory and jurisdictional.'" (quoting Bowles v. Russell, 551 U.S. 205, 209 (2007))).

    SO ORDERED.

Dated: Brooklyn, New York
       March 27, 2012

/Signed by Judge Vitaliano/

_____
ERIC N. VITALIANO
United States District Judge